**EXHIBIT 1**

Direct all responses by mail to the office listed below:
U.S. CITIZENSHIP AND IMMIGRATION SERVICE
26 Federal Plaza
New York NY 10278

**U.S. Department of Homeland Security**
*U.S. Citizenship and Immigration Service*

Edelberto Prada Garcia
125 East 87th Street Apt 2d
New York NY 10128

Refer to this file: ESC*001078192
Alien Number: A 040 246 274
Date: AUG 1 1

# DECISION

On June 9, 2004, you appeared for an examination of your application for naturalization, which was filed in accordance with Section 316(A) of the Immigration and Nationality Act.

Pursuant to the investigation and examination of your application it is determined that you are ineligible for naturalization for the following reason(s):

### See Attachment(s)

If you desire to request a review hearing on this decision pursuant to Section 336(a) of the Act, **you must file a request for a hearing within 30 Days of the date of this notice.** If no request for hearing is filed within the time allowed, this decision is final. A request for hearing may be made to the District Director, with the U.S. Citizenship and Immigration Services office which made the decision, on Form N-336, **Request for Hearing on a Decision in Naturalization Proceedings under Section 336 of the Act, together with a fee of $250**. A brief or other written statement in support of your request may be submitted with the Request for Hearing.

Sincerely,

*Mary Ann Gantner*

Mary Ann Gantner
District Director

Certified Mail
Form N-336
kjw

Form N-335

Attachment(s) to Form N-335

Applicant: Edelberto Prada Garcia
Application for Naturalization, Form N-400
Alien Number: A040246274
Application ID: ESC*001078192

Your application is hereby denied in accordance with the Title 8 Code of Federal Regulations Section(s) listed below:

Part 316.2(a) General Requirements for Naturalization
Section 316.10 Good Moral Character

General requirements for Naturalization as stated in Section 316.2 state, in part, that an alien must establish that he or she:
(7) For all relevant time periods under this paragraph, has been and continues to be a person of good moral character, attached to the principles of the Constitution of the United States, and favorably disposed toward the good order and happiness of the United States,

Section 316.10 states:
(a) Requirement of good moral character during the statutory period.
(2) In accordance with Section 101(f) of the Act, the Service shall evaluate claims of good moral character on a case-by-case basis taking into account the elements enumerated in this section and the standards of the average citizen in the community of residence. The Service is not limited to reviewing the applicant's conduct during the five years immediately preceding the filing of the application, but may take into consideration, as a basis for its determination, the applicant's conduct and acts at any time prior to that period, if the conduct of the applicant during the statutory period does not reflect that there has been reform of character from an earlier period **or if the earlier conduct and acts appear relevant to a determination of the applicant's present moral character.**

(b) Finding of a lack of good moral character.
(1) An applicant shall be found to lack good moral character, if the applicant has been:
(ii) Convicted of an aggravated felony as defined in section 101(a)(43) of the Act on or after November 29, 1990.

Explanation:

You appeared for the examination of your application for naturalization on June 9, 2004.

Evidence and testimony presented during your interview established that you were convicted of Attempted Rape, in the second degree, involving a minor. You were convicted on September 15, 1988.

Considering that an attempted Rape conviction, currently, and since the law was updated effective November 29, 1990 bars an alien from citizenship permanently, the issue of that conviction is relevant today in spite of its occurrence in 1988.

You were found deportable in 1999 and that sentence was upheld again in 2002. A substantial change in the application and interpretation of the applicable deportability statutes, following the U.S. Supreme Court decision in the INS v. St Cyr case resulted in the reopening of your deportation case. Before determining your deportability the matter was terminated in order to allow your application for citizenship to be considered by the service.

In view of your conviction, of the two decisions finding you to be deportable, of the continuing societal and legal prohibitions against sexual offenses against minors and in view of the fact that no final decision has been rendered by an Immigration Judge regarding the application of the recent Supreme Court decision to this case, except to allow this determination, it seems most prudent to return your case to the most qualified arbiters, thus allowing a thorough determination of the facts to be made by a Judge rather than an Adjudications Officer.

The Service finds that due to its nature your conviction in the attempted Rape of a minor remains relevant to a present determination of your moral character. It raises doubts, when considering the acceptable social attitudes towards sexual relations between an adult and a minor, whether you could even now be considered to be a person whose behavior reflects, on the whole, that of the average citizen of the community. Consequently, pursuant to The Code of Federal Regulations Title 8 Sections 316.2(a)(7) and 316.10(a)(2) this application is denied.