**EXHIBIT 2**

U.S. Department of Justice
Immigration and Naturalization Service

## Request for Hearing on a Decision Naturalization Proceedings
### Under Section 336 of the Act

| Decision: ☐ Grant<br>☐ Denial | Fee: |
|---|---|
| 1. **In the Matter of:** (Name of Naturalization Applicant)<br>Edelberto Prada Garcia | File Number:<br>A 040 246 274 |

2. I am filing a request for hearing on the decision dated:

*August 11, 2004 (See Attached)*

3. Please check the one block which applies:
   ☐ **I am *not submitting*** a separate brief, statement or evidence.
   ☐ **I am *submitting*** a separate brief, statement and/or evidence with this form.
   ☑ I need **30** days to submit a brief, statement and/or evidence to INS. (May be granted only for good cause shown. Explain in a separate letter.)

4. **Person Filing Request:**

Name (Please type or print) *Peter E. Torres Esq.*

Address (Street Number and Name) *POB 1613*    (Apt. Number)

(City) *NY*    (State) *NY*    (ZIP Code) *10159-1613*

Signature    Date (Month/Day/Year) *9/8/04*

☑ I am an attorney or representative and I represent: *You must attach a Notice of Entry of Appearance (Form G-28) if you are an attorney or representative and did not previously submit such a form.*
(Person for whom you are appearing) *Edelberto Prada Garcia*

5. Briefly, state the reason(s) for this request for a hearing:

*See Attached Statement and*

*Copy of decision*

Form N-336 (Rev. 10/24/91) N

Law Office of
# PETER E. TORRES
**Attorney & Counselor at Law**
**Practice Limited to Immigration & Federal Matters**
**Admitted in NJ & PA Bars**

---

| | |
|---|---|
| *Mail All Correspondence to:* | *Appointments at:* |
| **Post Office Box 1613** | **112 East 23rd Street, Suite 500** |
| **New York, New York 10159-1613** | **New York, New York 10010** |

**Telephone : 1-917-312-3169**
**Telecopier : 1-212-473-7864**
**E-Mail    :Pete2T @ Aol.Com**

**September 8, 2004**

FEDERAL EXPRESS
*Address Correction Requested*
U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
26 Federal Plaza 7th Floor
New York, New York 10278

**RE:    Request for Extension To Submit A Brief**
**Edelberto PRADA-GRACIA**
**A 040-246-274**

Dear USCIS Representative:

I respectfully request a period of 30 days up to and including October 13, 2004. This would be an additional 30 days taking into consideration the date of the decision August 11, 2004, 3 day mail rule, counting from September 10, 2004.

First, your certified letter was received by my office 10 days later. It was received on August 21, 2004, as will be confirmed by your certified return receipt. The extension granted will cure this postal delay. Secondly, USCIS raises several issues which warrants a more thorough explanation which I briefly explain here:

    a.    Applicant has no other relief other than this Naturalization. There was a brief in the file by the Applicant on this issue and the TA on the case agreed to administratively close Applicant's case.

    b.    The Applicant's conviction does not bar him from establishing good moral character, even though it is an aggravated felony-alibet- retroactively.

**Request for Extension To Submit A Brief**
**Edelberto PRADA-GRACIA**
**A 040-246-274**

**Page 2**

      c.     The nature of the conviction, according to New York case law, is not as horrendous as USCIS characterizes it.

Thirdly, I am in solo practice and I was ill for 2 weeks in the month of August, 2004, requiring me to visit my doctor twice and I am trying to catch up on my work. The response to this case will be extensive in like of the conclusions of USCIS.

I thank USCIS for its consideration of my extension request.

Respectfully submitted,

Peter E Torres, Esquire.

Appearances - An appearance shall be filed on this form by the attorney or representative appearing in each case. Thereafter, substitution may be permitted upon the written withdrawal of the attorney or representative of record or upon notification of the new attorney or representative. When an appearance is made by a person acting in a representative capacity, his personal appearance or signature shall constitute a representation that under the provisions of this chapter he is authorized and qualified to represent. Further proof of authority to act in a representative capacity may be required. Availability of Records - During the time a case is pending, and except as otherwise provided in 8 CFR 103.2(b), a party to a proceeding or his attorney or representative shall be permitted to examine the record of proceeding in a Service office. He may, in conformity with 8 CFR 103.10, obtain copies of Service records or information therefrom and copies of documents or transcripts of evidence furnished by him. Upon request, he/she may, in addition, be loaned a copy of the testimony and exhibits contained in the record of proceeding upon giving his/her receipt for such copies and pledging that it will be surrendered upon final disposition of the case or upon demand. If extra copies of exhibits do not exist, they shall not be furnished free on loan; however, they shall be made available for copying or purchase of copies as provided in 8 CFR 103.10.

| In re: | Date: |
|---|---|
| N 400 | 9/8/04 |
| | File No. A 040·246·274 |

I hereby enter my appearance as attorney for (or representative of), and at the request of the following named person(s):

Name: Edelberto Prada Garcia
☐ Petitioner  ☑ Applicant
☐ Beneficiary

Address: (Apt. No.) (Number & Street) (City) (State) (Zip Code)
125 E. 87th Street #20 NY NY 10128

Name:
☐ Petitioner  ☐ Applicant
☐ Beneficiary

Address: (Apt. No.) (Number & Street) (City) (State) (Zip Code)

Check Applicable Item(s) below:

☒ 1. I am an attorney and a member in good standing of the bar of the Supreme Court of the United States or of the highest court of the following State, territory, insular possession, or District of Columbia
NEW JERSEY AND PA.    SUPREME COURT    and am not under a court or administrative agency
                        Name of Court
order suspending, enjoining, restraining, disbarring, or otherwise restricting me in practicing law.

☐ 2. I am an accredited representative of the following named religious, charitable, social service, or similar organization established in the United States and which is so recognized by the Board:

☐ 3. I am associated with
the attorney of record previously filed a notice of appearance in this case and my appearance is at his request. (If you check this item, also check item 1 or 2 whichever is appropriate.)

☐ 4. Others (Explain Fully.)

| SIGNATURE | COMPLETE ADDRESS |
|---|---|
| | Post Office Box 1613 |
| | New York, New York 10159-1613 |
| NAME (Type or Print) | TELEPHONE NUMBER |
| PETER E. TORRES, ESQUIRE. | (1917)-312-3169. |

PURSUANT TO THE PRIVACY ACT OF 1974, I HEREBY CONSENT TO THE DISCLOSURE TO THE FOLLOWING NAMED ATTORNEY OR REPRESENTATIVE OF ANY RECORD PERTAINING TO ME WHICH APPEARS IN ANY IMMIGRATION AND NATURALIZATION SERVICE SYSTEM OF RECORDS:

PETER E. TORRES, ESQUIRE.
(Name of Attorney or Representative)

THE ABOVE CONSENT TO DISCLOSURE IS IN CONNECTION WITH THE FOLLOWING MATTER:

BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES AND LABOR MATTERS.

| Name of Person Consenting | Signature of Person Consenting | |
|---|---|---|
| Edelberto Prada Garcia | P [signature] | 9/8/04 |

(NOTE: Execution of this box is required under the Privacy Act of 1974 where the person being represented is a citizen of the United States or an alien lawfully admitted for permanent residence.)

This form may not be used to request records under the Freedom of Information Act or the Privacy Act. The manner of requesting such records is contained in 8CFR 103.10 and 103.20 Et.SEQ.

UNITED STATES DEPARTMENT OF HOMELAND SECURITY
UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES

In Re: Edelberto PRADA-GARCIA,
                                Applicant.

File No. A 040-246-274

Application: N400 Naturalization

APPLICATION'S STATEMENT
IN SUPPORT OF
N 336 APPEAL

## INTRODUCTION

Application's statement on appeal in support and supplementing his prior statement

submitted with his request for an extension on September 8, 2004, to USCIS.


## I.     APPLICANT DOES NOT HAVE ANY OTHER RELIEF EXCEPT THIS NATURALIZATION APPLICATION.

On April 9, 2003, the Board of Immigration Appeal remanded Respondent's case to pursue an

application for 212(c) relief. [Exhibit 1- BIA Decision of April 9th, 2003].  However, Immigration

Judge Ferris held that he was not eligible for this relief at one of several Master Calendar hearings

held in this case. The Immigration Judge specifically instructed Counsel to inform the Court of

any other relief Mr. Prada is eligible for.

On November 7, 2003, Mr. Prada filed a Motion to Terminate his Removal Proceedings because

he filed a Naturalization application. [Exhibit 2].  Additionally, in March 17, 2004, Counsel wrote

the District Counsel and respectfully requested that he join this Motion because "... it is the BCIS'

policy to consent to termination where the Respondent does not have any other relief from

Removal." [Exhibit 3].  The Assistant District Counsel agreed to join in administratively closing

this case to allow Mr. Prada to process his application for Naturalization. [Exhibit 4].

Mr. Prada is not eligible for 212(c) relief because he does not have 7 continuous years as a lawful permanent resident. He entered the U.S. on October 6, 1986, as a lawful permanent resident and he was convicted in 1988 for attempted rape in the second degree. His conviction cuts the time period that can be accumulate.   Thus,  INS v. St.Cyr is not applicable to this case.

## II.     APPLICANT'S CONVICTION FOR ATTEMPTED RAPE IN THE SECOND DEGREE DOES NOT BAR HIM FROM ESTABLISHING GOOD MORAL CHARACTER..

This issue was raised by Counsel in Applicant's Motion to Terminate. [See: Exhibit 2] at page 3. The Immigration Act of 1990 Section 509(a) applies to conviction occurring on or after November 29, 1990.   Applicant was convicted in 1988. Additionally, Immigration Judge Ferris ruled favorably in Applicant's behalf on this issue when she granted the joint request to administratively close Applicant's removal proceedings. [Exhibit 4].  Furthermore, in this Circuit in Posusta v. U.S., 285 F.2d 533 (1961 CA2 NY), it has held that it is not permissible for the Service to base a denial of naturalization on acts committed prior to the 5 year period.

## III.     THE NATURE OF THIS CONVICTION AND THE INTENT OF THE NEW YORK STATE LEGISLATURE'S ENACTMENT OF THE STATUTE APPLICANT WAS CONVICTED UNDER IS NOT AS HORRENDOUS AS USCIS CHARACTERIZES IT.

USCIS does not cite any legal authority for its position that:

> The Service finds that due to its nature your conviction in the attempted Rape of a minor remains relevant to a present determination of your moral character. It raises doubts, when considering the acceptable social attitude towards sexual relations between an adult and a minor, whether you could even now be considered to be a person whose behavior reflects, on the whole, that of the average citizen of the community.

[USCIS denial at page 2].

-2-

This is an opinion of USCIS by its examiner. No legal authority has been provided by USCIS and Counsel's diligent research has not located any authority supporting this viewpoint. Furthermore, the purpose of the enactment of this section of law by the New York State Legislative was to avert early pregnancies:

> Early pregnancy provides an ample justification for legislative decision to deter sexual contact between older male and teenaged girls by imposing criminal sanctions.

[People v. Whidden, 1980 51 N.Y.2d 457, 434 N.Y.S.937, 415 N.E.2d 927, appeal dismissed 102 S. Ct. 75, 454 U.S. 803, 70 L.Ed.2d 72].

## CONCLUSION

For the above reasons, it is respectfully argued that Mr. Prada's application for naturalization should have been granted.

Dated  October 6, 2004
       New York, New York

Respectfully submitted,

Peter E. Torres, Esquire
Attorney for the Applicant
POB 1613
New York, New York 10159-1613
Telephone 1-917-312-3169
Telecopier 1-212-473-7864

-3-



U.S. Department of Justice

Executive Office for Immigration Review

Board of Immigration Appeals
Office of the Clerk

_____

*5201 Leesburg Pike, Suite 1300*
*Falls Church, Virginia  22041*


Torres, Peter E., Esquire                      Office of the District Counsel/NY
P.O. Box 1613,                                 26 Federal Plaza, Room 1130
New York, NY  10159-1613                       New York, NY  10278



Name: PRADA-GARCIA, EDELBERTO                          A40-246-274




                                    <u>D</u>ate of this notice: 04/09/2003

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Jeffrey Fratter
Chief Clerk


Enclosure

_____

Panel Members:
   HESS, FRED


4/14/03 Prada mailed copy

**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

File:   A40-246-274 - NEW YORK

In re:   PRADA-GARCIA, EDELBERTO

Date:

APR 09 2003

IN REMOVAL PROCEEDINGS

MOTION

ON BEHALF OF RESPONDENT:  Torres, Peter E., Esquire

ON BEHALF OF SERVICE:  Paula Donnolo

ORDER:

PER CURIAM.  This case was last before the Board on May 17, 2002, at which time we dismissed the respondent's appeal from an Immigration Judge's September 21, 1999, decision. On January 15, 2003, the respondent filed a motion to reopen proceedings, contending that he should be allowed to pursue the application for a waiver of inadmissibility under section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c). Subsequent to this Board's decision, the United States Supreme Court determined that the restrictions on section 212(c) relief do not apply retroactively to aliens who pled guilty prior to April 24, 1996. In this case, the respondent was convicted following a plea of guilty, which was entered prior to the enactment of Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214. *See INS v. St. Cyr*, 533 U.S. 289 (2001). The respondent's motion is untimely. 8 C.F.R. § 1003.2. However, in light of the Supreme Court's decision in *St. Cyr, supra*, which involves a fundamental change in the interpretation and application of AEDPA, we shall exercise our discretionary authority and reopen the instant matter sua sponte. *See Matter of G-D-*, 22 I&N Dec. 1132 (BIA 1999). Accordingly, the respondent's motion is granted, the proceedings are reopened, and the record is remanded to the Immigration Court in order that the respondent may be afforded an opportunity to apply for relief under section 212(c) of the Act.

FOR THE BOARD

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT – NEW YORK, NEW YORK
------------------------------------------------

In Removal Proceedings of
Edelberto PRADA-GARCIA,
           Respondent.

CERTIFICATION
OF SERVICE

File No. A40-246-274
------------------------------------------------


I, Peter E. Torres, Esquire on this 7th day of November, 2003 personally served
A copy of Respondent's Motion to Terminate upon the


District Counsel/New York, NY
26 Federal Plaza, 11th Floor
New York, New York 10278


Peter E. Torres, Esquire

#2

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT – NEW YORK, NEW YORK
_____

In Removal Proceedings of
Edelberto PRADA-GARCIA,
            Respondent.

File No. A40-246-274
_____

_____

## MOTION TO TERMINATE
## APPLICATION NATURALIZATION PENDING
_____

Peter E. Torres, Esquire
Attorney for the Respondent
POB 1613
New York, NY 10159-1613
Telephone 1-917-312-3169
Fax 1-212-473-7864

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT – NEW YORK, NEW YORK
————————————————————————————

In Removal Proceedings of
Edelberto PRADA-GARCIA,

            **Respondent.**

Notice of Motion
and Motion

File No. A40-246-274
————————————————————————————

Respondent, through his undersigned Counsel, at the next hearing scheduled for

November 20, 2003, before the Honorable Immigration Judge Noel Ferris will move to

terminate removal proceedings pursuant to 8 CFR Section 239.2(f) to permit Respondent

to apply for Naturalization.


In support of this Motion, a Memorandum of Law is respectfully submitted.


Dated: November 7, 2003
      New York, New York


                            Respectfully submitted,


                            Peter E. Torres, Esquire

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT – NEW YORK, NEW YORK

---

**In Removal Proceedings of**
Edelberto PRADA-GARCIA,

                                    MEMORANDUM
                                       OF LAW

                    **Respondent.**

File No. A40-246-274

---

## I.    FACTS

Respondent is a male, 42 years old citizen from Colombia.  He obtained lawful
permanent residency  on October 6, 1986, at the age of 26. **[Exhibit 8 – Visa Face
Sheet]**. On july 7, 1988, Respondent plead guilty to attempted rape in the second degree.
He was sentenced on September 15, 1988 to five years probation. **[Exhibit 9 –
Conviction and Satisfaction of Probation]**.  On September 14, 1993, Respondent was
discharged from probation. 9Exhibit 10].  In 1996, Congress passed the Illegal
Immigration Reform and Immigrant Responsibility Act of 1996 which added to the
aggravated felony category convictions for "murder, rape, or sexual abuse of a minor."
This Act's definition was to be applied retroactively.

Upon arriving from a short trip abroad, Respondent was placed in removal proceedings
based on his 1988 attempted rape in the second degree charge, Respondent was charged
with a two count NTA alleging that: (1) Section 237(a)(2)(A)(iii) of the INA in that at
any time after admission, he had been convicted of an aggravated felony and under (2)
Section 237(a)(2)(A)(i) of the Act in that he had been convicted of a crime involving

moral turpitude committed within five years after admission  for which a sentence of one year or longer may be imposed.

## II.     RELIEF REQUESTED

Respondent respectfully seeks termination of his removal proceedings so that he may proceed to a final hearing on a pending application for Naturalization (form N400).  On August 11, 2003, filed an N400 application with the BCIS office at the Vermont Service Service Center and it is still pending. **[Exhibit 3 – Naturalization Application and Receipt]**.  Pursuant to 8 CFR Section 239.2 (f) this Court may terminate removal proceedings "when the alien has established prima facie eligibility for naturalization and the matter involves exceptional appealing and humanitarian factors… ." **[See generally: <u>Matter of Cruz</u>, 15 I & N Dec. 236 (BIA, 1975)]**.

Pursuant to Section 316(a) of the INA it states in part that in order to be eligible for Naturalization:

> No person, except as otherwise provided in this title, shall be naturalized, unless such applicant, (1) immediately preceding the date of filing his application for naturalization has resided continuously, after being lawfully admitted for permanent residence, within the United States for at least five years and during the five years immediately preceding the date of filing his application has been physically present therein for periods totaling at least half of that time, and who has resided within the State or within the district of the Service in the United States in which the applicant filed the application for at least three months, (2) has resided continuously within the United States from the date of the application up to the time of admission to citizenship, (3) during all the periods referred to in this subsection has been and still is a person of good moral character, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the United States.

### III.     RESPONDENT POSSESSES GOOD MORAL CHARACTER FOR THE PERIOD NECESSARY TO ESTABLISH PRIMA FACIE ELIGIBILITY FOR NATURALIZATION.

Respondent's 1988 conviction does not bar him from establishing "good moral character" under Section 316(a) of the Act.  Respondent's conviction although deemed an aggravated felony does not bar him from establishing good moral character because his conviction was before November 29, 1990.  The Immigration Act of 1990 Section 509(a) while amending Section 101(a)(8), the amendment applied to convictions occurring on or after November 29, 1990. **[Immigration Act of 1990 Section 509(a)]**.

Respondent is neither barred from establishing good moral character by having a conviction which is also a crime involving moral turpitude.  Under Section 101(f)(3) of the Act it states in part:

> For the purposes of this Act - No person shall be regarded as, or found to be, a person of good moral character who, during the period for which good moral character is required to be established, is or was--
>
> \*     \*     \*
>
> (3) a member of one or more of the classes of persons, whether inadmissible or not, described in paragraphs (2)(D), (6)(E), and (9)(A) of section 212(a) of this Act; or subparagraphs (A) and (B) of section 212(a)(2) and subparagraph (C) thereof of such section (except as such paragraph relates to a single offense of simple possession of 30 grams or less of marihuana); if the offense described therein, for which such person was convicted or of which he admits the commission, was committed during such period;

## IV.   RESPONDENT'S EXCEPTIONAL AND COMPELLING CIRCUMSTANCES MERITING THIS COURT'S FAVORABLE DISCRETION.

Respondent has been in the U.S. for the past 17 years.  He is married to a U.S. lawful permanent resident who is a citizen of the Philippines. **[Exhibit 5 – Copy of I-551 Card of Wife]**.  They will be celebrating their 11th year together on November 12, 2003. **[Exhibit 11 – Marriage Certificate]**.  They have two U.S. Citizen children Allysson age 12 and Dylan age 6. **[Exhibit 12- Birth Certificate of U.S.C. Children]**.

Respondent has lived a law abiding life after his conviction.  He has rehabilitated and pursued studies relating to his position as a Superintendent with Broadwall Management Corp.  Respondent has obtained the following certificates:

- 1987 General Office and English as a Second Language.
- 1998 Certied cooling Tower Operation.
- 1989 Locksmithing.
- 1989 and 1990 Air Conditioning and Refrigeration Repair.
- 1991 Refrigeration License.
- 1992 Absorption Systems.
- 1992 Heating Systems.
- 1992 Fire Safety Director.
- 1993 Standpipe and Sprinkler System.
- 1993 Operation of Residual Fuel Oil Burners and Incinerators.
- 1994/1995 Building Automation Systems.
- 1994 NYS operations and Maintenance Course.
- 1994/1995 Superintendence I.
- 1995 Four Hour OSHA Operations and Maintenance Refresher.
- 1995/1996 Security Alarm Systems.
- 1997 Sixteen Hour NYS operations and Maintenance Course.
- 1996/1997 Blueprint Reading and Drafting.
- 1996/1997 Basic Landscaping.
- 1997 Asbestos Handling Certificate.

**[Exhibit 7 – Educational Certificates]**.

Respondent has filed all of his tax returns since 1985 to the present. **[Exhibits 13 through 29 and Exhibit 10]**.

Respondent earns a salary of $54,403.00 and supervises seven employees who oversee 119 apartments. Respondent is given an apartment in the building he manages where he lives with his wife and children. His apartment would normally rent for $4,700.00. **[Exhibit 2 – Respondent's Job Letter]**.

Respondent's conviction in 1988 was a D felony. He could have received seven years. However, he was sentenced to 5 years probation which he satisfactorily completed. **[Exhibit 9 – Conviction and Satisfaction of Probation]**.

Respondent's wife does not want to go with Respondent to his native country of Colombia because she fears for her safety and that of their children and she would not be able to obtain a good paying job in Colombia. **[Exhibit 30 – Wife's Statement and Exhibit 1 – Wife's Job Letter]**. According to the Country Report 2002 for Colombia it states in part:

- "Rape and other acts of violence against women were pervasive in society, and like other crimes, seldom were prosecuted successfully." **[Exhibit 6 at p. 39]**.

- The law prohibits sexual harassment; however, it was a pervasive problem. **[Id. At p. 40]**.

- "Government unemployment statistics indicated that the unemployment rate for women was 20.5 percent, 6 points higher than the rate for men. According to the U.N., women earned an average of 28 percent less than men during 2001." [Id.].

- "Children were trafficked for sexual exploitation… and suffered disproportionately from the internal conflict, often forfeiting opportunities to study as they were displaced by conflict and suffered psychological traumas. According to UNICEF, over 1 million children have been displaced from their homes over the past decade (see Section 2.d.). The Human Rights Ombudsman's office estimated that only 15 percent of displaced children attended school. Displaced children were particularly vulnerable to mistreatment, sexual exploitation, and recruitment by criminals." [Id. at p. 41].

- "The Government sets a uniform minimum wage for workers every January to serve as a benchmark for wage bargaining. The monthly minimum wage, set by tripartite negotiations among representatives of business, organized labor, and the Government, was about $114 (309,000 pesos). The national minimum wage did not provide a decent standard of living for a worker and family. Because the minimum wage is based on the Government's target inflation rate, the minimum wage has not kept up with real inflation in the past several years. An estimated 70 percent of all workers earned wages that were insufficient to cover the costs of the Government's estimated low-income family shopping basket. An estimated 76 percent of all workers earned no more than twice the minimum wage." [Id. at p. 49].

Respondent's wife also suffers from hypertension for which she sees a doctor every three months. [See Exhibit 30 – Wife's Statement and Exhibit 4 - Health Insurance and Union ID]. Respondent, if removed, does not have the possibility of any waivers under the Act.


V.     CONCLUSION.

For these reasons, Respondent respectfully requests that his removal proceedings be terminated to permit him to pursue his Naturalization application.

Dated:      November 7, 2003
            New York, New York.

                              Respectfully submitted,


                              Peter E. Torres, Esquire
                              -6-

Law Office of

# PETER E. TORRES

**Attorney & Counselor at Law**
Practice Limited to Immigration & Federal Matters
Admitted in NJ & PA Bars

---

*Mail All Correspondence to:*
Post Office Box 1613
New York, New York 10159-1613

*Appointments at:*
112 East  23rd Street, Suite 500
New York, New York 10010

**Telephone : 1-917-312-3169**
**Telecopier : 1-212-473-7864**
**E-Mail      :Pete2T @ Aol.Com**

**March 17, 2004**

*Personal delivery*
District Counsel/NYC
U.S. Department of Homeland Security
Bureau of Citizenship and Immigration Services
26 Federal Plaza 11ᵗʰ Floor
New York, New York 10278


RE:    **Edelberto PRADA-GARCIA, Respondent**
        **A 40-246-274**


Dear District Counsel:

On November 7, 2003, a copy of Respondent's Motion to Terminate Removal proceedings, because he has a Naturalization application pending was filed with your office. To this date, I have not received a response from your office. There is a Master Calendar hearing schedule for April 1, 2004, at 10AM before Judge Ferris. Respondent also has a Naturalization interview scheduled for June 9, 2004. [See attached copy]. I have been informed that it is the BCIS' policy to consent to termination where the Respondent does not have any other relief from Removal. For reasons more fully explained in Respondent's Motion, I respectfully request your consenting to terminate this matter.


Sincerely yours,

Peter E. Torres, Esquire.


Enc.

#3

# THE UNITED STATES OF AMERICA

| Request for Applicant to Appear for Naturalization Initial Interview | | NOTICE DATE February 12, 2004 |
| --- | --- | --- |
| CASE TYPE N400    Application For Naturalization | | INS A# A 040 246 274 |
| APPLICATION NUMBER ESC*001078192 | RECEIVED DATE August 11, 2003 | PRIORITY DATE August 11, 2003 | PAGE 1 of 1 |

| APPLICANT NAME AND MAILING ADDRESS | |
| --- | --- |
| EDELBERTO PRADA GARCIA<br>c/o PETER F TORRES ESQUIRE<br>P O BOX 1613<br>NEW YORK NY 10159 | **Please come to:**<br>USINS MANHATTAN CENTER<br>26 FEDERAL PLAZA<br>7TH FLOOR ROOM RM7-700<br>MAIN ROOM<br>NEW YORK NY 10278 |

**On (Date):** Wednesday, June 09, 2004
**At (Time):** 12:05 PM

You are hereby notified to appear for an interview on your Application for Naturalization at the date, time, and place indicated above. **Waiting room capacity is limited. Please do not arrive any earlier than 30 minutes before your scheduled appointment time.** The proceeding will take about two hours. If for any reason you cannot keep this appointment, return this letter immediately to the INS office address listed below with your explanation and a request for a new appointment; otherwise, no further action will be taken on your application.

If you are applying for citizenship for yourself, you will be tested on your knowledge of the government and history of the United States. You will also be tested on reading, writing, and speaking English, unless on the day you filed your application, you have been living in the United States for a total of at least 20 years as a lawful permanent resident and are over 50 years old, or you have been living in the United States for a total of 15 years as a lawful permanent resident and are over 55 years old, or unless you have a medically determinable disability (you must have filed form N648 Medical Certification for Disability Exception, with your N400 Application for Naturalization).

**You MUST BRING the following with you to the interview:**
- This letter.
- Your Alien Registration Card (green card).
- Any evidence of Selective Service Registration.
- Your passport and/or any other documents you used in connection with any entries into the United States.
- Those items noted below which are applicable to you:

If applying for NATURALIZATION AS THE SPOUSE of a United States Citizen;
- Your marriage certificate.
- Proof of death or divorce for each prior marriage of yourself or spouse.
- Your spouse's birth or naturalization certificate or certificate of citizenship.

If applying for NATURALIZATION as a member of the United States Armed Forces;
- Your discharge certificate, or form DD 214.

If copies of a document were submitted as evidence with your N400 application, the originals of those documents should be brought to the interview.

**PLEASE keep this appointment, even if you do not have all the items indicated above.**

If you have any questions or comments regarding this notice or the status of your case, please contact our office at the below address or customer service number. You will be notified separately about any other cases you may have filed.

| INS Office Address: | INS Customer Service Number: |
| --- | --- |
| US IMMIGRATION AND NATURALIZATION SERVICE<br>7TH FLOOR ROOM 7-700<br>26 FEDERAL PLAZA<br>NEW YORK NY 10278- | (800) 375-5283<br><br>REPRESENTATIVE COPY |



UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
NEW YORK, NEW YORK


PETER E. TORRES, ESQ.
ATTORNEY AT LAW
P.O. BOX 1613
NEW YORK        NY 10159-1617


IN THE MATTER OF              FILE A 40-246-274      DATE: Apr 2, 2004
PRADO-GARCIA, EDELBERTO


___ UNABLE TO FORWARD - NO ADDRESS PROVIDED

___ ATTACHED IS A COPY OF THE DECISION OF THE IMMIGRATION JUDGE.  THIS DECISION
    IS FINAL UNLESS AN APPEAL IS FILED WITH THE BOARD OF IMMIGRATION APPEALS
    WITHIN 30 CALENDAR DAYS OF THE DATE OF THE MAILING OF THIS WRITTEN DECISION.
    SEE THE ENCLOSED FORMS AND INSTRUCTIONS FOR PROPERLY PREPARING YOUR APPEAL.
    YOUR NOTICE OF APPEAL, ATTACHED DOCUMENTS, AND FEE OR FEE WAIVER REQUEST
    MUST BE MAILED TO:     BOARD OF IMMIGRATION APPEALS
                           OFFICE OF THE CLERK
                           P.O. BOX 8530
                           FALLS CHURCH, VA  22041

___ ATTACHED IS A COPY OF THE DECISION OF THE IMMIGRATION JUDGE AS THE RESULT
    OF YOUR FAILURE TO APPEAR AT YOUR SCHEDULED DEPORTATION OR REMOVAL HEARING.
    THIS DECISION IS FINAL UNLESS A MOTION TO REOPEN IS FILED IN ACCORDANCE
    WITH SECTION 242B(c)(3) OF THE IMMIGRATION AND NATIONALITY ACT, 8 U.S.C.
    SECTION 1252B(c)(3) IN DEPORTATION PROCEEDINGS OR SECTION 240(c)(6),
    8 U.S.C. SECTION 1229a(c)(6) IN REMOVAL PROCEEDINGS.  IF YOU FILE A MOTION
    TO REOPEN, YOUR MOTION MUST BE FILED WITH THIS COURT:

                           IMMIGRATION COURT
                           26 FEDERAL PLZ 12TH FL., RM1237
                           NEW YORK, NY  10278

___ OTHER:  IJ ORDER

                                   COURT CLERK
                                   IMMIGRATION COURT                    FF

    CC: GWEN LEIFER, ESQ.
        26 FEDERAL PLAZA, 11TH FLOOR
        NEW YORK, NY, 10278

FAW

U.S. DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
26 FEDERAL PLZ 12TH FL., RM1237
NEW YORK, NY  10278

In the Matter of: PRADA-GARCIA, EDELBERTO
                              Case No.: A40-246-274

                    IN REMOVAL PROCEEDINGS

PETER E. TORRES, ESQ.
ATTORNEY AT LAW
P.O. BOX 1613
NEW YORK, NY  10159-1617

                    GWEN LEIFER, ESQ., INS

              ORDER OF THE IMMIGRATION JUDGE

It is HEREBY ORDERED that the case be administratively closed and be considered
no longer pending before the Immigration Judge for the following reason:

( X )    Upon joint request by both parties.

(   )    Neither the respondent nor any representative on the
         respondent's behalf appeared for the hearing and the Service
         expressed no opposition.

(   )    Other: _____

         _____

         _____

If either party in this case desires further action on this matter, at any time
hereafter, a written motion to recalendar the case (including a certificate of
service on the opposing party) must be filed with the Office of the Immigration
Court having administrative control over the Record of Proceeding in this case.

                              NOEL A. FERRIS
                              Immigration Judge
                              Date:  Apr 1, 2004

Appeal: WAIVED  (A/I/B)
Appeal Due By:  May 3, 2004

                    CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY: ( MAIL  (M)    PERSONAL SERVICE (P)
TO: [ ] ALIEN  [ ] ALIEN c/o Custodial Officer  [ ] Alien's ATT/REP  [ ] INS
DATE: _____    BY: COURT STAFF _____
      Attachments:  [ ] EOIR-33  [ ] EOIR-28  [ ] Legal Services List  [ ] Other

WID