**EXHIBIT 3**



# United States Department of Homeland Security

U.S. Citizenship and Immigration Services

26 Federal Plaza Room 7-700
New York, NY 10278

Date: JUL 2 1 2007

Edelberto Prada-Garcia
125 East 87th Street Apt. 2D           A# 040 246 274
New York, NY 10128

## DECISION ON REVIEW OF DENIAL OF NATURALIZATION APPLICATION

The record shows a submitted Request for Hearing on a Decision in Naturalization Proceedings under Section 336 of the Act.

Upon consideration it is determined that the decision previously entered into the record shall be upheld and the application of record is denied in that:

8 CFR Section 316.2(b) states in pertinent part:

> "The applicant shall bear the burden of establishing by preponderance of the evidence that he or she meets all the requirements for naturalization..."

8 CFR Section 316.10(a)(1) states in pertinent part that:

> (a) Requirement of good moral character during the statutory period.
>
> (1) An applicant for naturalization bears the burden of demonstrating that, during the statutory period, he or she continues to be a person of good moral character. This includes the period between the examination and the administration of the oath of allegiance.

8 CFR Section 316(e) states, in pertinent part:

> "...the Attorney General shall not be limited to the applicant's conduct during the five years preceding the filing of the application, but may take into consideration as a basis for such determination on the applicant's conduct and acts at any time prior to that period."

Section 101(a)(43) of the INA states:

> The term "aggravated felony" means
>
> (A) murder, rape, or sexual abuse of a minor.
>
> (F) a crime of violence (as defined in section 16 of title 18, United States Code, but not including a purely political offense) for which the term of imprisonment at least 1 year.

(U) an attempt or conspiracy to commit an offense described in this paragraph.

INA 237(a)(2)(A)(i) provides as follows:

"Any alien who is convicted of a crime involving moral turpitude committed within five years (or 10 years in the case of an alien provided lawful permanent resident under section 245(j) [1255(j) after the date of admission, and is convicted of a crime for which a sentence of one year or longer may be imposed, is deportable."

INA 237(a)(2)(A)(iii) provides as follows:

"Any alien who is convicted of an aggravated felony at any time after admission is deportable."

A hearing, which began with the prescribed oath, was scheduled for February 3, 2005, to review the decision to deny your Application for Naturalization. Service records indicate that you were arrested on May 16, 1988 in New York. On July 18, 1988, you pled guilty to Attempted Rape 2nd Degree PL 110-130.30 00 EF, a Class D felony. On September 15, 1988, you were sentenced to Attempted Rape 2nd Degree PL 110-130.30 00 EF and five (5) years probation. The crime for which you were convicted is an aggravated felony for which the term of imprisonment is at least one year. Although the arrest was not during the five-year statutory period, the crime is relevant because you were convicted of a deportable crime. A review of your record and the evidence you submitted at your appeal has not established significant grounds for USCIS to reverse its prior decision.

Accordingly, after careful review of the record and all relevant statutes, USCIS reconfirms its original decision. Therefore, the decision to deny the application for naturalization must remain unchanged. A review of this decision may be sought before a United States District Court pursuant to Section 310(c) of the Immigration and Nationality Act.

Section 310(c) of the Immigration and Nationality Act states:
"A person whose application for naturalization under this title is denied, after a hearing before an immigration officer under section 336(a), may seek review of such denial before the United States district court for the district in which such person resides within a period of not more than 120 days after the Service's determination, in accordance with chapter 7 of title 5, United States Code, 8CFR 336.9. Such review shall be de novo, and the court shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application."

Sincerely,

Andrea J. Quarantillo
District Director

Certified mail
LJK

Cc: Peter E. Torres
    Post Office Box 1613
    New York, NY 10159